IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James C. Addison, #248725, ) | |
| ) | C.A. No. 2:06-1931-HMH-RSC |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| B-1 Shift N. Wing Officer who worked ) | |
| Chesterfield North, Sept. 16th-19th, 2005; ) | |
| Medication Distributors; Mr. Baker; ) | |
| Mrs. York, Classification; Associate ) | |
| Warden Bell; Warden Padula; and Lee ) | |
| Corr. Inst. c/o South Carolina Department ) | |
| of Corrections, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] James C. Addison ("Addison"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. Magistrate Judge Carr recommends dismissing Addison's complaint without prejudice and without issuance and service of process. Addison filed objections to the Report and Recommendation. For the reasons below, the court adopts the Magistrate Judge's Report and Recommendation and dismisses Addison's complaint.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (West Supp. 2006).

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Addison is currently incarcerated at Tyger River Correctional Institute in Enoree, South Carolina. On June 28, 2006, Addison filed a complaint pursuant to 42 U.S.C. § 1983 alleging various civil rights violations.[2] Addison alleges that while previously incarcerated at Lee Correctional Institute ("LCI"), he was moved to a unit housing violent inmates, in violation of LCI's policies, and that while housed in this unit, he was attacked by other inmates. (Compl. 3-4.)

On September 13, 2006, Magistrate Judge Carr issued his Report recommending dismissal of Addison's complaint without issuance and service of process. The Magistrate Judge noted that Addison had failed to exhaust available administrative remedies before filing the instant lawsuit. Further, the Magistrate Judge noted that even if the entire case were not subject to dismissal, it would still be subject to partial dismissal as to defendants LCI and Medication Distributors, because they are not "persons" subject to suit pursuant to § 1983. (Report and Recommendation 5.)

# II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2] See Houston v. Lack, 493 U.S. 920 (1989).

2

Addison filed objections to the Report and Recommendation.  Later, Addison filed a collection of various documents.  The court construes these documents as attachments to his objections.  After review, the court finds that the majority of Addison's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and merely restate his claims.  However, the court was able to glean one specific objection.

Addison objects to the Magistrate Judge's finding that his claim should be dismissed for failure to exhaust his administrative remedies.  (Objections 6-7.)   The attack at issue occurred on September 19, 2005.[3]  (Report and Recommendation 4.)  Under the applicable South Carolina Department of Corrections ("SCDC") Inmate Grievance System Policy/Procedure, inmates are required to submit a written grievance within fifteen days of the alleged incident.  (Id. 4.)  While Addison previously asserted that he filed his grievance in October 2005[4] (Pl.'s Ans. Ct.'s Interrogs. 3),  Addison does not object to the Magistrate Judge's finding that he failed to file a grievance within the 15-day time limit.

Because Addison failed to file his first grievance within the 15-day limit imposed by the administrative procedural rule, the Magistrate Judge found that Addison's case should be dismissed for failure to exhaust administrative remedies.  See Woodford v. Ngo, 126 S. Ct. 2378, 2386 (U.S. 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively

---

[3] In his objections, Addison asserts that the attack occurred on September 17, 2005.  However, this difference is irrelevant since Addison does not assert that he filed a grievance within fifteen days of the incident.  (Objections 7.)

[4] Addison asserts that this is an approximate date.  (Pl.'s Ans. Ct.'s Interrogs. 3.)

3

without imposing some orderly structure on the course of its proceedings.")  It is undisputed that Addison did not comply with the procedural rule.  However, in his objections, Addison asserts that his failure to file a timely grievance should not bar his claim based on two grounds.

First, Addison argues that he was prevented from filing a grievance within the required time period because he "was not in good physical or mental condition" and was on medication for the injuries sustained in the attack.  (Objections 7, 11.)  Addison asserts that "at the time in question" his right ear was "giving [him] problem [sic]" and that his right hand suffered an unspecified injury.  (Id. 7.)  However, Addison does not assert that these injuries were so severe as to prevent him from filing a grievance.  Further, Addison asserts that his ear was bothering him through May 2006 and that he continues to have problems with his hand.  (Id.)  Despite the persistence of these injuries, Addison was able to file a grievance referencing the incident on November 1, 2005.  (Id. Ex. A (Grievance Form 6).)  Finally, a provision in the applicable procedural rules governing the filing of grievances allows an inmate to request a waiver from the 15-day filing requirement if the inmate was physically unable to file a grievance in the appropriate time period.  (Id. 9.)  Addison does not assert that he attempted to request such a waiver due to his injuries.

Additionally, Addison argues that "during this time it was impossible to obtain blank grievances from those officer's [sic] who worked on S.M.U. claiming they didn't have any." (Objections 6.)  Addison asserts that Mrs. NFN Mitchell sent him grievance forms after he submitted a written request to her, but that this sequence of events occurred "after the fact." (Id.)  "If administrative remedies are not available to an inmate, then the inmate cannot be

4

required to exhaust." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) (internal quotation marks omitted). Administrative remedies are not available to an inmate if prison officials prevent inmates from obtaining the forms necessary to file a grievance. See, e.g., Dale v. Lappin, 376 F.3d 652, 655-56 (7th Cir. 2004); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001).

Addison fails to provide any specific dates or time periods in support of his assertion that certain officers at LCI did not provide him with grievance forms, and it is unclear whether Addison is asserting that he requested a grievance form during the fifteen days following the incident and was prevented from obtaining a grievance form until after the time for filing his grievance had expired. However, Addison does assert that he was provided with a form upon his request to Mrs. NFN Mitchell. At most, Addison appears to argue that certain unspecified officers at LCI were unable to provide any grievance forms to him, and that he therefore obtained grievance forms from another source. Addison does not assert that once he made the request, Mrs. NFN Mitchell delayed in sending him the forms. Therefore, Addison's argument does not demonstrate that "prison officials made administrative remedies so unavailable as to deprive [Addison] of his rightful access to the grievance process." Dale, 376 F.3d at 655-56 (holding administrative remedies unavailable when the plaintiff demonstrated that he was never provided with a grievance form despite submitting multiple requests for a specific form to "his counselor, his case manager, the on-duty floor officer, and members of his unit team" during the twenty days available for filing a grievance) (internal quotation marks omitted). Based on the foregoing, even in a light most favorable to Addison, he has failed to allege facts sufficient to support a finding of a constitutional deprivation.

5

Moreover, even if Addison's claim were not procedurally barred, Addison fails to allege facts sufficient to support a § 1983 claim. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834.

In order to prove an Eighth Amendment violation for deliberate indifference to an inmate's security needs, a plaintiff must meet two requirements. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (internal quotation marks omitted). In this case, the "inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, a prison official must have a "sufficiently culpable state of mind." Id. "In prison-condition cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Id. at 838.

Addison's claim is that when he was placed on pre-hearing detention status, he was placed in the general population of the Chesterfield Unit where the attack occurred. Addison argues that his placement in the Chesterfield Unit violated LCI's policies and that instead, he

should have been housed in the Special Management Unit ("S.M.U.") during the relevant time period. Despite this claim, LCI's relevant policy provision is written as a guideline rather than a mandate and gives the warden discretion to house inmates either in the general population or in the S.M.U. (Objections 3.) Additionally, beyond a general assertion that the Chesterfield Unit at LCI is the "most violent living unit on that yard" due to the custody status of the inmates housed there, Addison fails to allege conditions posing a substantial risk of serious harm. Further, Addison does not allege that any officials were aware of a risk posed by his placement in LCI's Chesterfield Unit. Therefore, even if Addison's claim were not procedurally barred, he has not asserted facts sufficient to support a claim under § 1983. Based on the foregoing, the court adopts the Magistrate Judge's Report and Recommendation.

Therefore, it is

**ORDERED** that Addison's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

> s/Henry M. Herlong, Jr.
> United States District Judge

Greenville, South Carolina
October 19, 2006

### NOTICE OF RIGHT TO APPEAL

The plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

7